UNITED STATES DISRTICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

JOSE MANUEL RODRIGUEZ,

Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.
d/b/a ROYAL CARIBBEAN GROUP

Defendant.
_______________________________________/

**COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL**

Plaintiff, JOSE MANUEL RODRIGUEZ (hereinafter "Plaintiff" or "RODRIGUEZ") by and through his undersigned counsel, hereby sues Defendant ROYAL CARIBBEAN CRUISES, LTD. d/b/a ROYAL CARIBBEAN GROUP (hereinafter "Defendant" or "ROYAL CARIBBEAN"), and alleges as follows:

**THE PARTIES AND JURISDICTION**

1. This is an action for damages which exceed $75,000.00 exclusive of interest, costs, and attorney's fees.

2. **THE PLAINTIFF.** The Plaintiff, JOSE MANUEL RODRIGUEZ ("Plaintiff" or "RODRIGUEZ") is a resident of Monterey, Mexico.

3. **THE DEFENDANT.** The Defendant, ROYAL CARIBBEAN, LTD. d/b/a ROYAL CARIBBEAN GROUP (hereinafter referred to as "ROYAL CARIBBEAN" or "Defendant") is

incorporated outside of the state of Florida, but at all material and relevant times, has conducted and conducts business in Miami Dade County, Florida.

4. At all material and relevant times, Defendant ROYAL CARIBBEAN owned, operated and/or controlled the subject vessel named *Wonder of the Seas* on which the subject incident resulting in Plaintiff's injuries and damages occurred on September 21, 2025.

5. **FEDERAL DIVERSITY JURISDICTION.** Federal subject matter jurisdiction arises under and by virtue of Diversity of Citizenship pursuant to 28. U.S.C § 1332, as this is a civil matter where the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the action is between citizens of different states or citizens of a state and citizens or subjects of a foreign state.

6. This Court has Diversity jurisdiction under 28. U.S.C § 1332.

7. Plaintiff demands a jury trial on all issues so triable in this action, notwithstanding the concurrent applicability of principle of admiralty and maritime law, including, but not limited to, jurisdiction conferred under and/or by virtue of 28 U.S.C. § 1333.

8. **VENUE AND PERSONAL JURISDICTION.** At all material and relevant times, Defendant itself or through its agents or representatives, has engaged in some or all of the following conduct in the County and District in which this complaint is filed:

a. Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

b. Had an office or agency in this state and/or county; and/or

c. Engaged in substantial activity within this state; and/or

d. Committed one or more of the acts stated in Florida Statues §48.081, §48.181, or §48.193.

9. At all material and relevant times, Defendant invited Plaintiff to board the Defendant's subject vessel in Miami-Dade County, Florida.

10. Plaintiff boarded the ROYAL CARIBBEAN's Wonder of the Seas at ROYAL CARIBBEAN's Port Terminal in Miami-Dade County, Florida, in accordance with ROYAL CARIBBEAN's instructions.

11. At all material and relevant times, after the subject incident occurred, Defendant arranged to transport Plaintiff for emergency medical treatment from Defendant's terminal in Miami-Dade County to Jackson Memorial Hospital in Miami-Dade County, Florida.

12. The great majority of Plaintiff's medical treatment occurred in Miami-Dade County, where Plaintiff spent months recovering after the subject incident.

13. All conditions precedent for filing and maintaining this action have been fulfilled, waived, or do not apply.

## GENERAL ALLEGATIONS

14. **DATE OF THE INCIDENT.** The incident resulting in Plaintiff's injuries and damages as alleged herein occurred on September 21, 2025.

15. **LOCATION OF THE INCIDENT**. The incident occurred onboard ROYAL CARIBBEAN's vessel *Wonder of the Seas,* (the "subject vessel" or "subject cruise ship"), a ship in navigable water, while the Plaintiff was a passenger onboard. Specifically, the Plaintiff's incident occurred on one of the stairways on Deck 15 (pool deck) of ROYAL CARIBBEAN's subject vessel the *Wonder of the Seas*.

16. **STATUS OF THE PLAINTIFF AT THE TIME OF THE INCIDENT.** At all material and relevant times, the Plaintiff was a passenger on the subject cruise ship described herein and, accordingly, Plaintiff was an invitee while on the vessel.

17. **DESCRIPTION OF THE VESSEL.** ROYAL CARIBBEAN owns, manages, operates and controls the subject cruise ship *Wonder of the Seas*. The *Wonder of the Seas* has a length of 362 meters, beam of 65 meters, and 18 decks and ROYAL CARIBBEAN claims is the "biggest ship in the world". ROYAL CARIBBEAN advertises that the *Wonder of the Seas* brings more and bigger adventures and entertainment than any other cruise ship on its class, including, but not limited to, multiple other ships that ROYAL CARIBBEAN also owns, manages, operates and/or controls, such as the Explorer of the Seas, Voyager of the Seas, Adventure of the Seas, Navigator of the Seas, Mariner of the Seas, Independence of the Seas, and Symphony of the Seas among others.

18. **THE DANGEROUS CONDITIONS.** ROYAL CARIBBEAN owns and operates multiple cruise ships, including the *Wonder of the Seas*, which have been designed, built and operated under the supervision and control of ROYAL CARIBBEAN. At all material and relevant times, ROYAL CARIBBEAN has designed and built its cruise ships, including the *Wonder of the Seas*, to have one or more outdoor pool areas designated as pool decks, with stairways providing passenger access between the pool deck and adjacent decks and public areas. ROYAL CARIBBEAN knows that the stairways providing passenger access between the pool deck and adjacent decks on its cruise ships are regularly exposed to water, and other liquids and slippery substances. Specifically, ROYAL CARIBBEAN knew or should have known that the stairways providing passenger access between Deck 15 and the adjacent decks in its *Wonder of the Seas*, are regularly exposed to water, and other liquids and slippery substances, and require reasonable care in their inspection, maintenance and repairs to protect the lives and safety of passengers.

19. At all material and relevant times, ROYAL CARIBBEAN knew or should have known that passengers of different ages, sizes and abilities frequently walk up and down said

stairways in Deck 15 of the *Wonder of the Seas*, where they are frequently exposed to certain dangers related to the conditions of the walking surfaces and/or the presence of water, and other liquids and slippery substances on said stairways.

20. At all material and relevant times, ROYAL CARIBBEAN designed its cruise ships to have several entertainment, activities, and distraction options to capture the attention of the thousands of passengers ROYAL CARIBBEAN invites to its cruise ships, with the *Wonder of the Seas* being the biggest in the world and having more and bigger adventures than others on its class.

21. At all material and relevant times, ROYAL CARIBBEAN knew or should have known that the passengers' attention aboard its cruise ships are regularly exposed to multiple distractions from the environment and the large variety of entertainment and activities ROYAL CARIBBEAN included on its cruise ships, including the *Wonder of the Seas*, to capture the passengers' attention.

22. At all material and relevant times, ROYAL CARIBBEAN knew or should have known that, by its own design, the passengers ROYAL CARIBBEAN invites to its cruise ships regularly walk through its cruise ships, including traversing the stairways to and from Deck 15 in the *Wonder of the Seas,* while their attentions is being captured by the large variety of entertainment and activities ROYAL CARIBBEAN includes on its cruise ships. Thus, ROYAL CARIBBEAN knew or should have known that maintaining the walking surfaces on its cruise ships reasonably safe is crucial to protect the lives and safety of passengers aboard its cruise ships, including Plaintiff and other passengers on the *Wonder of the Seas.*

23. In spite of said knowledge, ROYAL CARIBBEAN caused or allowed the stairways providing passenger access to and from Deck 15 in its *Wonder of the Seas* vessel to have certain unreasonably dangerous conditions that unreasonably exposed passengers, including Plaintiff, to

an unreasonable risk of injury or death as described herein. Specifically, ROYAL CARIBBEAN caused or allowed the stairways on Deck 15 of the *Wonder of the Seas* to have a stark contrast between the surface of the stairs landing and the stair treads. The stair treads incorporated a grooved, slip-resistant surface designed to provide traction during wet conditions with an average coefficient-of-friction value exceeding the minimum requirement for wet walking surfaces provided by the American Society for Testing and Materials ("ASTM"). In contrast, the landing surface consisted of a smooth polymer overlay lacking comparable slip-resistant characteristics, with an average coefficient of friction substantially below the minimum coefficient recognized by the ASTM for pedestrian safety in the marine environment. The substandard slip-resistant conditions of the stairs landing at the time of the incident constituted a disguised hazard within the pedestrian travel zone, and an unreasonably dangerous condition encountered by passengers aboard the *Wonder of the Seas* including Plaintiff. Moreover, the danger increased because the landing visually appeared to be an ordinary continuation of the adjoining stairway treads, but its sub-standard traction characteristics were substantially inferior when wet to the stair treads. Moreover, the stairways were not properly inspected or maintained and there was nothing alerting passengers about the substantial danger involved in the transition from the textured slip-resistant stairs treads to the smooth and slippery landing. Stepping from the adjoining slip-resistant stair treads onto the visually similar landing when wet, resulted in a substantial reduction in available traction creating an unreasonably dangerous condition.

24. At the time of the incident, ROYAL CARIBBEAN also failed to timely inspect, maintain, clean and/or dry the subject stairways and landing providing passenger access to and from Deck 15 in its *Wonder of the Seas* vessel for a sufficiently long period of time.

25. ROYAL CARIBBEAN also failed to timely place any wet floor warning signs, caution signs, or other hazard indicators in the subject area at the time of the incident to alert passengers, including Plaintiff, of the dangers of the wet and slippery area, thereby creating an unreasonably dangerous condition for passengers, including Plaintiff.

26. ROYAL CARIBBEAN also failed to properly train its crew members on how to timely and properly inspect, maintain, remedy, and warn passengers of dangerous conditions on the stairways on its pool deck, including the stairways on Deck 15 of the *Wonder of the Seas*, where RODRIGUEZ slipped and fell on September 21, 2025, as alleged herein.

27. ROYAL CARIBBEAN also failed to exercise reasonably care in the design, material selection and/or construction of the stairways resulting on the stairways on Deck 15 of the *Wonder of the Seas* being unreasonably dangerous as alleged herein.

28. The totality of the circumstances and the combination of the foregoing conditions existing at the time of the subject incident created a deceptively slippery walking surface and unreasonably dangerous conditions for passengers aboard the *Wonder of the Seas*, including Plaintiff and proximately caused Plaintiff to slip and fall and suffer severe injuries and damages as alleged herein.

29. **DESCRIPTION OF THE INCIDENT**. On September 21, 2025, ROYAL CARIBBEAN caused or allowed the stairways providing passenger access to and from Deck 15 in its *Wonder of the Seas* vessel to be in an unreasonably dangerous condition without any warnings for a sufficiently long period of time as indicated herein. Specifically, ROYAL CARIBBEAN caused or allowed the stairways to have a stark contrast between the slip-resistant surface on the steps treads and the adjoining landing, which was visually-similar, but had sub-standard traction characteristics and was substantially more slippery when wet. ROYAL CARIBBEAN also failed

to timely inspect, maintain, clean and/or dry the subject stairways and landing, and failed to provide timely warnings about the existing danger. Thus, based on the combination of these factors and the totality of the circumstances ROYAL CARIBBEAN caused or allowed to exist on the stairways providing passenger access to and from Deck 15 in its *Wonder of the Seas* vessel for a sufficiently long period of time, ROYAL CARIBBEAN unreasonably exposed passengers aboard the *Wonder of the Seas*, including Plaintiff to said dangerous conditions.

30. At that time, Plaintiff RODRIGUEZ was walking down the stairways on Deck 15 of the *Wonder of the Seas,* which ROYAL CARIBBEAN had caused or allowed to be in unreasonably dangerous conditions without any warnings as indicated herein, and RODRIGUEZ slipped and fell and suffered severe and permanent injuries and damages. As he slipped and fell as a direct and proximate cause of ROYAL CARIBBEAN's negligence, RODRIGUEZ's left ankle twisted and deformed in an awkward and unnatural way severely out of its anatomical position, resulting in trimalleolar fractures, and syndesmosis injuries. ROYAL CARIBBEAN's crewmembers responded to the scene and observed the conditions in the area and RODRIGUEZ's injuries. ROYAL CARIBBEAN's onboard physician independently documented that RODRIGUEZ "slipped on a wet surface" and sustained displaced ankle fractures. After arriving to ROYAL CARIBBEAN's terminal in Miami, ROYAL CARIBBEAN arranged for RODRIGUEZ to be transported in an ambulance to Jackson Memorial Hospital for the severe left ankle trimalleolar fractures and injuries suffered onboard the *Wonder of the Seas,* which required multiple surgeries and extensive hospitalization and medical treatment.

31. **DAMAGES**. As a result of ROYAL CARRIBBEAN's negligence, the Plaintiff slipped, fell, and sustained severe and permanent injuries, including but not limited to trimalleolar fracture of the left ankle with disruption of the syndesmosis and damage to the stabilizing

ligaments of the ankle join. The injuries suffered by RODRIGUEZ required multiple surgeries, including external fixation, and subsequent open reduction and internal fixation with hardware implantation (ORIF), and involved extensive hospitalization and medical treatment. These are extremely painful injuries and have caused and will continue to cause severe disability with permanent impairment, including but not limited to persistent limitations in his ability to move normally. The severity of the trauma to the weightbearing joint also caused severe cartilage damage resulting in posttraumatic arthritis. These injuries are permanent and significantly affect the life and abilities of Plaintiff. Plaintiff has suffered these losses in the past and will continue to suffer them in the future. These injuries and damages include but are not limited to economic damages including medical, surgical, rehabilitative, and other related expenses in the past and in the future; household assistance and other related expenses in the past and in the future. These injuries and damages also include but are not limited to non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.

32. **NOTICE: ROYAL CARIBBEAN DOCUMENTATION.** ROYAL CARIBBEAN's notice of the dangerous conditions identified herein is documented in multiple ways. ROYAL CARIBBEAN inspects its deck surfaces through its crew members as well as retained experts and/or contractors who write reports and communicate with ROYAL CARIBBEAN through letters and/or email communications. ROYAL CARRIBEAN documents slip and falls in various ways, including, but not limited to, shipboard safety meetings and minutes thereof, work orders, prior repairs, logs or databases of prior similar incidents of slip and falls, guests complaints about deck conditions on its database, prior complaints made to guest services throughout its fleet, safety testing and/or inspections.

33. **NOTICE: PRIOR SIMILAR INCIDENTS.** Royal Caribbean is aware of numerous incidents involving passengers who have slipped and fallen on its cruise ships pool decks before this incident. These incidents include, but are not limited to, the following:

a. On March 31, 2025, ROYAL CARIBBEAN's passenger Janice Perez Garcia was injured when she slipped and fell while walking on the pool deck of ROYAL CARIBBEAN's *Explorer of the Seas*. Despite knowing the deck could become slippery and dangerous, ROYAL CARIBBEAN failed to timely inspect, maintain and remediate the slippery conditions and failed to timely warn passengers of the dangerous condition and proximately caused Perez Garcia to slip and fall resulting in serious injuries requiring care shoreside. *Janice Ardelia Perez Garcia v. ROYAL CARIBBEAN Cruises, Ltd.*, Case No. 1:26-cv-22251-JEM.

b. On December 10, 2023, ROYAL CARIBBEAN's passenger Carmen Roebok was injured when she slipped and fell on the pool deck of ROYAL CARIBBEAN's Independence of the Seas due to a wet, slippery and/or transitory substance left on the floor for a certain period of time without timely warnings. *Roebuck v. ROYAL CARIBBEAN Cruises, Ltd,* I:25-CV-20984-BB.

c. On April 12, 2023, ROYAL CARIBBEAN's passenger Diane Burns suffered injuries and damages aboard ROYAL CARIBBEAN's Navigator of the Seas, when she slipped and fell on the slippery floors on the pool deck that was not open and obvious. *Burns vs. Royal Caribbean Cruises, Ltd*. Case No: 1:24-CV-21326-CMA.

d. On December 18, 2022, ROYAL CARIBBEAN's passenger Macy Lu was onboard the Explorer of the Seas when she had slipped and fell due to a wet and

slippery floor on the pool deck for which no timely warning was provided. *Lu v. ROYAL CARIBBEAN Cruises, Ltd,* 1:24-cv-24725-PCH.

34. **<u>NOTICE: DESIGN, MATERIAL SELECTION, CONFIGURATION AND/OR CONSTRUCTION</u>**. At all material and relevant times, ROYAL CARIBBEAN directly or indirectly designs, selects materials, and/or constructs its cruise ships or otherwise is substantially involved and/or controls the design, material selection and construction of its cruise ships, including, but not limited to, the location, design, configuration and material installed on its pool decks and access stairways. ROYAL CARIBBEAN approved and ultimately selected the design, materials, configuration, location and construction of the outdoor deck surfaces and stairways on the *Wonder of the Seas*, including the location where the Plaintiff's subject incident occurred. As such, ROYAL CARIBBEAN knew or should have known the stark contrast between materials, design, configuration, texture, slip-resistance characteristics, coefficient-of-friction, and traction abilities of the materials it selected for the pool deck and access stairways on the *Wonder of the Seas*. ROYAL CARIBBEAN also knew or should have known the foreseeable dangers resulting from transitioning from the slip-resistant surface on the stair treads to the slippery landing when wet as described herein.

35. **<u>NOTICE: ON-GOING, REPETITVE PROBLEM</u>**. ROYAL CARIBBEAN knows or should have known that passengers slipping on wet, slippery and unmarked walking surfaces on the pool decks of its cruise ships is an ongoing, repetitive problem due to the surface materials, appearance and configurations, and/or delays in the inspection, maintenance, cleaning and/or repairs of said surfaces, and/or delays in the identification and warnings about said dangerous conditions, and/or a combination of said factors. Upon information and belief, several other passengers have suffered severe and permanent injuries due to similar slip and fall incidents

on the pool decks of ROYAL CARRIBEAN's cruise ships, requiring emergency medication attention and/or evacuation.

36. **<u>NOTICE: VIOLATION OF APPLICABLE INDUSTRY STANDARDS</u>**. ROYAL CARIBBEAN knows or should have known that relevant industry standards, regulations and codes dictate the safety standards for passengers walkway and deck surfaces, which are admissible evidence as bearing on the applicable standard of care in determining the negligence involved in the circumstances resulting in Plaintiff's injuries and damages as alleged herein. Royal Caribbean knows or should have known of applicable industry safety standards for the maintenance of safe walkways and decks applicable to the marine environment, which require walking surfaces to have a nonskid surface and remain slip-resistant when wet with a minimal coefficient of friction. *See, e.g.* standards and guidelines promulgated by the International Maritime Organization (IMO), the U.S. Coast Guard, and the American Society for Testing and Materials (ASTM) International and other organizations, including, but not limited to, the IMO MSC Circular 735 (24 June 1996); ASTM F-1166-07; Life Safety Code; and Safety of Life at Sea (SOLAS) Treaty.

37. **<u>NOTICE: CREWMEMBERS IN THE VICINITY</u>**. Further, ROYAL CARIBBEAN's notice of the dangerous condition is evidenced by the fact that there were multiple crew members in the vicinity of the area, who are instructed and required to inspect, monitor, observe, clean, and dry slipping hazards multiple times per day and area also required to provide timely warnings about dangerous conditions on the subject access stairways and surrounding areas on Deck 15 of the *Wonder of the Seas*. Moreover, ROYAL CARIBBEAN specifically designed and installed its video surveillance system to have cameras in the location where the subject incident occurred and ROYAL CARIBBEAN constantly monitors or has access to monitor the

location of the fall and can instantly know of the conditions and dangers in the area. However, no efforts were made to time remove the subject danger or to provide timely warnings about the dangers before the fall occurred. ROYAL CARIBBEAN's Guest Injury Statement and medical records identified the wet floor condition as the cause or contributing factor of the incident, and indicate that the accident could have been prevented if the floor would have been wiped, thereby acknowledging the existence of the hazardous condition and the need for corrective action.

38. Notwithstanding the above, within moments of the fall, ROYAL CARIBBEAN's crew members arrived at the scene, observed the condition of the floor and the injuries suffered by RODRIGUEZ, and documented that Plaintiff slipped on a wet surface and fell due to a wet floor.

39. **NOTICE: LENGTH OF TIME THE DANGEROUS CONDITION EXISTED.** Additional evidence that ROYAL CARIBBEAN had notice of the dangerous condition is shown by the fact that the dangerous wet condition existed for an extended period. Upon information and belief the subject stairways had remained in said conditions and had not been inspected for a period of time longer than 15 minutes or sufficiently long for ROYAL CARIBBEAN to have discovered it and remedied it through reasonable inspection and/or for ROYAL CARIBBEAN to have provided timely warnings to alert business invitees about the dangers existing in the area.

40. **NOTICE: POLICY AND PROCEDURES**. In addition to the other ways alleged herein, additional evidence of ROYAL CARIBBEAN's notice of the dangerous condition is the fact that ROYAL CARIBBEAN has designed and sought to implement policies and procedures applicable to the inspection, maintenance, cleaning, drying and warnings required with respect to the slipping hazards in the subject area. Specifically, ROYAL CARIBBEAN has policies regarding inspection, cleaning, and maintenance of its stairways and deck areas, particularly in outdoor recreational areas regularly exposed to water, and other liquids and slippery substances.

ROYAL CARIBBEAN specifically trains crew members to inspect, clean and maintain the stairways providing access to and from Deck 15 and to warn passengers of any hazards and dangerous conditions, including wet and slippery surfaces and the fact that its decks surfaces become slippery when wet. ROYAL CARIBBEAN trains crew members to place written warning signs, and/or markers, and to provide verbal warnings and/or other indicators to warn passengers of wet deck surfaces and slipping hazards. ROYAL CARIBBEAN created, designed and sought to implement said procedures for its crew members, because it is aware of the significant danger to the life and safety of its passengers from the combination of factors and/or totality of the circumstances existing on its cruise ship, particularly when proper timely warnings are not provided. ROYAL CARIBBEAN knew or should have known that without verbal, written, and visual warnings, the millions of passengers ROYAL CARIBBEAN invites onto its cruise ships on a daily basis, who move repeatedly through the cruise ships while their attention are constantly captured by the entertainment, activities and other distractions on the ROYAL CARIBBEAN cruise ships, may not be able to appreciate the dangers related to the wet and slippery conditions of the stairways in outdoor areas, including the access stairways to and from Deck 15 of the *Wonder of the Seas*.

41. **NOTICE: ROYAL CARIBBEAN'S WELCOME AND SAFETY VIDEO** Additional evidence of ROYAL CARIBBEAN's notice about the dangers alleged herein exist from the multiple passenger safety videos and materials ROYAL CARIBBEAN has created and distributed for several years to warn passengers of potentially dangerous conditions onboard their cruise ships, including the *Wonder of the Seas*. One of the hazards commonly identified by ROYAL CARIBBEAN on its cruise lines is wet surfaces and stairs. ROYAL CARIBBEAN has warned guests to watch their step when walking on board their ships due to the possibility of

slipping, falling, and being injured on wet surfaces. Therefore, ROYAL CARIBBEAN knew or should have known that wet stairways in the pool deck are dangerous and that reasonable precautions are necessary with respect to said slipping hazards to protect the life and safety of its passengers.

**COUNT I – NEGLIGENT MAINTENANCE**

Plaintiff re-alleges, adopts and incorporates by reference the parties, jurisdictional, venue and general allegations above as though alleged herein and further allege in support of this count as follows:

42. This is an action against ROYAL CARIBBEAN for its negligent failure to maintain the subject stairway on Deck 15 of the ROYAL CARIBBEAN *Wonder of the Seas* in a safe manner, including the subject stairway where Plaintiff slipped and fell on September 21, 2025.

43. At all material and relevant times, ROYAL CARIBBEAN owned, operated and controlled the subject *Wonder of the Seas* cruise ship where Plaintiff slipped and fell and was injured on September 21, 2025.

44. **DUTIES OWED BY ROYAL CARIBBEAN.** At all material and relevant times, ROYAL CARIBBEAN owed a duty to exercise reasonable care for the safety of its passengers, including Plaintiff. ROYAL CARIBBEAN owes a duty as a common carrier to its passengers, including Plaintiff, to maintain all areas of its cruise ship in a reasonably safe condition. ROYAL CARIBBEAN's duty of care includes maintaining the subject stairways providing access to and from Deck 15 on the *Wonder of the Seas* in a safe manner, including the subject stairway where Plaintiff slipped and fell on September 21, 2025.

45. At all material and relevant times, ROYAL CARIBBEAN also owed a duty to comply with international vessel safety regulations promulgated by the International Maritime

Organization (IMO), as authorized by the Safety of Life at Sea (SOLAS) treaty, including, but not limited to, SOLAS, Part C, Regulation 13, requiring safe escape routes shall be provided and shall be maintained in a safe condition clear of obstacles.

46. **ROYAL CARIBBEAN BREACHED ITS DUTY.** ROYAL CARIBBEAN breached its duty to maintain the subject stairway on Deck 15 of the *Wonder of the Seas* on September 21, 2025, in a safe manner. ROYAL CARIBBEAN breached its duties to Plaintiff by its actions and conduct, including, but not limited to, those alleged herein. ROYAL CARIBBEAN failed to timely inspect and maintain the stairways or area where Plaintiff slipped and fell. ROYAL CARIBBEAN failed to comply with applicable industry standards, guidelines, statutes and/or regulations, and failed to maintain the subject stairways in a safe condition, and caused or allowed the stairways to remain in an unreasonably dangerous condition as alleged herein. ROYAL CARIBBEAN caused or allowed water, liquids and/or slippery substances to accumulate on the surface of the subject stairways and failed to timely clean, dry, remove or addressed the dangerous conditions and allowed it to remain on said area for a sufficiently long period of time without warnings, and proximately caused Plaintiff to slip and fall and suffer injuries and damages.

47. ROYAL CARIBBEAN had actual notice and/or constructive notice of the unreasonably dangerous conditions on the stairways providing access to and from Deck 15 on the *Wonder of the Seas* as alleged above and incorporated herein.

48. The unreasonably dangerous conditions on the stairways providing access to and from Deck 15 on the *Wonder of the Seas* as alleged herein were not known, open or obvious to the Plaintiff.

49. Plaintiff was not trained to detect unreasonably slippery surfaces or the dangers involved in the transition between surfaces with different degrees of slip-resistance, and the degree

of slipperiness ROYAL CARIBBEAN caused or allowed to exist on the subject stairways at the time of the incident was not readily appreciable by Plaintiff or similarly situated passengers of the *Wonder of the Seas*.

50. Notwithstanding ROYAL CARIBBEAN's actual or constructive notice of the unreasonably dangerous conditions in the area where Plaintiff slipped and fell, ROYAL CARIBBEAN failed to take timely and proper reasonable measures to maintain the subject area of the *Wonder of the Seas* before Plaintiff suffered the injuries and damages as alleged herein.

51. In spite of its actual or constructive notice of the unreasonably dangerous conditions in the area where Plaintiff slipped and fell, ROYAL CARIBBEAN failed to take timely action to clean, remove, remediate or address the unreasonably dangerous condition that caused Plaintiff to slip and fall and suffered the injuries and damages as alleged herein.

52. **PROXIMATE CAUSE.** As a direct and proximate cause of ROYAL CARIBBEAN's breach of duty of care and negligence as described herein, Plaintiff slipped and fell and suffered permanent injuries and damages as alleged herein. ROYAL CARIBBEAN's failure to maintain the stairway in a safe manner proximately caused Plaintiff's injuries and damages. The Defendant's negligent maintenance allowed the unreasonably dangerous condition on the subject stairway to exist for a sufficiently long period of time without timely warnings and proximately caused Plaintiff to slip and fall and suffer permanent injuries and damages. Had ROYAL CARIBBEAN properly and timely inspected and maintained the subject stairway, the dangerous conditions would have been discovered and removed, and Plaintiff would never have slipped, fallen, and been injured aboard the *Wonder of the Seas* on September 21, 2025.

53. **DAMAGES.** As a direct and proximate result of ROYAL CARIBBEAN's negligent maintenance, Plaintiff has suffered in the past and will continue to suffer in the future damages as alleged in the damages allegations above and incorporated herein.

WHEREFORE, Plaintiff demands judgment against ROYAL CARIBBEAN for injuries and damages suffered as a result of the subject incident as permitted by applicable laws, including, but not limited to, hospitalization, medical and nursing care and treatment experienced in the past and to be experienced in the future; non-economic damages, including, but not limited to, past and future pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation or acceleration of preexisting conditions, and loss of capacity for the enjoyment of life, together with all taxable court costs and prejudgment interest and request a jury trial under Federal Rule of Civil Procedure 38 and any and all other damages which the Court deems just and proper.

## COUNT II – NEGLIGENT FAILURE TO WARN

Plaintiff re-alleges, adopts and incorporates by reference the parties, jurisdictional, venue and general allegations above as though alleged herein and further allege in support of this count as follows:

54. This is an action against ROYAL CARIBBEAN for its negligent failure to warn passengers, including Plaintiff, of the subject risks, hazards and/or dangers in the area where Plaintiff slipped and fell onboard the *Wonder of the Seas* on September 21, 2025, as alleged herein.

55. **DUTIES OWED BY ROYAL CARIBBEAN**. ROYAL CARIBBEAN owes a duty to exercise reasonable care for the safety of its passengers, including Plaintiff. Specifically, ROYAL CARIBBEAN's duty of care includes warning of dangerous conditions onboard the

*Wonder of the Seas*, including the stairways providing access to and from Deck 15 on the *Wonder of the Seas* where Plaintiff slipped and fell on September 21, 2025. ROYAL CARIBBEAN owed a duty to exercise reasonable care under the circumstances to provide or maintain the subject area reasonably safe, and a duty as a common carrier to its passengers, including Plaintiff, to warn of dangers known to it in areas where ROYAL CARIBBEAN invites or reasonably expected passengers to go, including the subject location where Plaintiff slipped and fell onboard the *Wonder of the Seas*. ROYAL CARIBBEAN owed a duty to warn of dangerous conditions in places where the passenger is invited to or may reasonably be expected to visit.

56. ROYAL CARIBBEAN had actual notice and/or constructive notice of the dangerous condition in the subject location as alleged above and incorporated herein.

57. **ROYAL CARIBBEAN BREACHED ITS DUTY**. ROYAL CARIBBEAN breached its duty to warn passengers, including RODRIGUEZ, of the dangerous conditions onboard the *Wonder of The Seas,* where RODRIGUEZ tripped and fell on September 21, 2025. ROYAL CARIBBEAN breached its duties to the Plaintiff by its action and conduct. ROYAL CARIBBEAN, through its crew members, failed to regularly and reasonably provide verbal, visual, and written warning near or at the subject stairways where RODRIGUEZ slipped and fell as alleged herein. ROYAL CARIBBEAN's crew members failed to cordon off, block off, place physical barriers or otherwise prevent access to zone of danger alleged herein. ROYAL CARIBBEAN also failed to provide verbal, written and/or visual warnings to warn passengers, including Plaintiff, of the risks, hazards or dangers in the area at the time of the fall.

58. ROYAL CARIBBEAN also failed to comply with applicable industry standards, statutes, and regulations, including, but not limited to, those intended to prevent the type of maritime incident suffered by the Plaintiff, which invokes the Pennsylvania Rule, creates a

presumption of causation, and shifts the burden of proof to ROYAL CARIBBEAN to show that its statutory violation could not have contributed to the incident resulting in Plaintiff's injuries and damages.

59. **PROXIMATE CAUSE**. As a direct and proximate cause of ROYAL CARIBBEAN's failure to timely and properly warn the Plaintiff about the dangerous conditions as alleged herein, Plaintiff suffered injuries and damages. Specifically, ROYAL CARIBBEAN's failure to properly warn the Plaintiff of the dangerous conditions on the stairways as alleged herein proximately caused the Plaintiff's injuries and damages. Had ROYAL CARIBBEAN properly warned RODRIGUEZ of the dangerous condition, RODRIGUEZ would have been aware of the dangerous condition on the stairways of Deck 15 of the *Wonder of the Seas*, and Plaintiff would not have walked on the unreasonably dangerous stairways. Therefore, the Plaintiff would not have slipped, fell, and been severely injured in the subject location onboard the *Wonder of the Seas* on September 21, 2025.

60. **DAMAGES**. As a result of ROYAL CARIBBEAN's negligent failure to warn, Plaintiff has suffered in the past and will continue to suffer in the future damages as alleged in the damages allegations above and incorporated herein.

WHEREFORE, Plaintiff demands judgment against ROYAL CARIBBEAN in this Count for injuries and damages suffered as a result of the subject incident as permitted by applicable laws, including, but not limited to, hospitalization, medical and nursing care and treatment experienced in the past and to be experienced in the future; non-economic damages, including, but not limited to, past and future pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation or acceleration of preexisting conditions, and loss of capacity for the enjoyment of life, together with all taxable court costs and prejudgment interest

and request a jury trial under Federal Rule of Civil Procedure 38 and any and all other damages which the Court deems just and proper.

## COUNT III – NEGLIGENT TRAINING OF PERSONNEL

Plaintiff re-alleges, adopts and incorporates by reference the parties, jurisdictional, venue and general allegations above as though alleged herein and further allege in support of this count as follows:

61. This is an action against ROYAL CARIBBEAN for its negligent training of its shipboard crew members.

62. **DUTIES OWED BY ROYAL CARIBBEAN**. ROYAL CARIBBEAN owes a duty to exercise reasonable care for the safety of its passengers. The Defendant owes a duty, as a common carrier to its passengers, to properly train and supervise its crew members to timely and properly inspect, maintain, remedy, and warn of dangers where ROYAL CARIBBEAN invites or reasonably expects passengers to go. ROYAL CARIBBEAN's duty of care includes warning passengers of dangerous conditions on board the *ROYAL CARIBBEAN Wonder of the Seas*, including wet and slippery stairways on the pool deck where Plaintiff slipped and fell on September 21, 2025.

63. ROYAL CARIBBEAN had actual notice and/or constructive notice of the dangerous wet condition as alleged in paragraphs 18 through 23 above and incorporated herein.

64. ROYAL CARIBBEAN knew or should have known that it had failed to properly train its crew members given that the crew member(s) failed to timely inspect and maintain the subject area where Plaintiff slipped and fell as alleged herein.

65. ROYAL CARIBBEAN knew or should have known that it had failed to properly train its crew members given that the crew member(s) were failing to properly warn passengers of

the dangerous conditions on board the *Wonder of the Seas* including the subject location where RODRIGUEZ was injured on September 21, 2025.

66. **ROYAL CARIBBEAN BREACHED ITS DUTY**. ROYAL CARIBBEAN breached its duty of care owed to Plaintiff and was negligent by failing to reasonably train its crewmembers on or before the time of the incident to timely and properly inspect, maintain, remedy, and warn passengers of dangerous conditions on the stairways of Deck 15 of the *Wonder of the Seas*, including the stairway where RODRIGUEZ slipped and fell on September 21, 2025. ROYAL CARIBBEAN failed to comply with industry standards regarding how to train its crew members to inspect, maintain, dry, remedy, and warn passengers of unreasonably dangerous conditions on its stairways. ROYAL CARIBBEAN failed to ensure the implementation and operation of its training programs as alleged herein.

67. **PROXIMATE CAUSE**. As a direct and proximate cause of ROYAL CARIBBEAN's failure to properly train its crewmembers, Plaintiff slipped and fell and suffered injuries and damages. ROYAL CARIBBEAN's failure to properly train its crew members proximately caused Plaintiff's injuries. Had ROYAL CARIBBEAN complied with industry standards regarding how to train and supervise its crew members to inspect, maintain, dry, remedy, dangerous conditions on stairways in its pool deck, the subject stairways on Deck 15 of the Wonders of the Sea would have been maintained reasonably safe at the time of the incident, and RODRIGUEZ would not have slipped, fallen or suffered injuries on said location. Had ROYAL CARIBBEAN complied with industry standards regarding how to train and supervise its crew members to warn passengers of dangerous conditions on stairways, RODRIGUEZ would have been properly and timely warned and would have been aware of the dangerous condition and

avoided the fall. Therefore, RODRIGUEZ would have never slipped, fallen, and been injured at the subject location on September 21, 2025.

68. **DAMAGES**.As a result of ROYAL CARIBBEAN's negligent training, Plaintiff has suffered in the past and will continue to suffer in the future damages as alleged in the damages allegations above and incorporated herein.

WHEREFORE, Plaintiff demands judgment against ROYAL CARIBBEAN in this Count for injuries and damages suffered as a result of the subject incident as permitted by applicable laws, including, but not limited to, hospitalization, medical and nursing care and treatment experienced in the past and to be experienced in the future; non-economic damages, including, but not limited to, past and future pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation or acceleration of preexisting conditions, and loss of capacity for the enjoyment of life, together with all taxable court costs and prejudgment interest and request a jury trial under Federal Rule of Civil Procedure 38 and any and all other damages which the Court deems just and proper.

## COUNT IV
## NEGLIGIENT DESIGN, CONSTRUCTION, AND SELECTION OF MATERIALS

Plaintiff re-alleges, adopts and incorporates by reference the parties, jurisdictional, venue and general allegations above as though alleged herein and further allege in support of this count as follows:

69. This is an action against ROYAL CARIBBEAN for its negligent design, construction and/or selections of materials for the subject stairways on Deck 15 of the *Wonder of the Seas*.

70. **<u>DUTIES OWED BY ROYAL CARIBBEAN</u>**. ROYAL CARIBBEAN owes a duty to exercise reasonable care for the safety of its passengers. ROYAL CARIBBEAN owes a duty to exercise reasonable care under the circumstances for the protection of the life and safety of its passengers. The Defendant has a duty to design, construct, and select materials for all areas of its vessels, including the stairway on Deck 15 of the *Wonder of the Seas* so that the stairways are reasonably safe. ROYAL CARIBBEAN had a duty to design and construct the subject stairways including the steps, stairs treads, stairs landing and walkways in a reasonably safe manner and in accordance with industry standards.

71. At all material and relevant times, ROYAL CARIBBEAN has all of its cruise ships, including the *Wonder of the Seas,* custom made to its own design and specifications. ROYAL CARIBBEAN controlled, participated in and/or approved the design of the subject stairways. ROYAL CARIBBEAN had the right to inspect, select and tests the materials selected and installed on the stairways of the *Wonder of the Seas* before it placed it in operation. ROYAL CARIBBEAN had the right to reject any and all materials, items, designs and construction of the stairways of the *Wonder of the Seas* before it began to invite passengers and operate the cruise ship. ROYAL CARIBBEAN had the ultimate control over the design, material selection and construction of the *Wonder of the Seas,* including the subject stairways where Plaintiff slipped and fell on September 21, 2025. Upon information and belief, ROYAL CARIBBEAN chose to install the same and/or similar stairways on its cruise ships in its fleet. At all times material hereto, ROYAL CARIBBEAN approved of the design, construction, and selections of materials for the subject stairways demonstrated by the fact that ROYAL CARIBBEAN has operated and maintained the ship continuously for years.

72. ROYAL CARIBBEAN had actual notice and/or constructive notice of the unreasonably dangerous condition on the stairways on Deck 15 of the *Wonder of the Seas* as alleged herein above and incorporated herein.

73. ROYAL CARIBBEAN knew or should have known that the subject stairways, including the treads and landing, it chose, approved and installed on Deck 15 of the *Wonder of the Seas* were unreasonably dangerous, and presented an unreasonable risk of injury or death to passengers, including Plaintiff.

74. **ROYAL CARIBBEAN BREACHED ITS DUTY**. ROYAL CARIBBEAN breached its duty of care to passengers, including Plaintiff, by failing to exercise reasonably care in the design, material selection and/or construction of the stairways on Deck 15 of the *Wonder of the Seas*. ROYAL CARIBBEAN breached its duty of care by failing to exercise reasonably care in the design, material selection and/or construction of the stairways on Deck 15 of the *Wonder of the Seas*. ROYAL CARIBBEAN breached its duty to exercise reasonable care by designing, approving, constructing, and/or accepting a stairway, including its steps, treads, landing, and walking surfaces, that was unreasonably dangerous and not reasonably safe for its intended and foreseeable use by passengers. ROYAL CARIBBEAN further breached its duty to exercise reasonable care in the selection and approval of the materials used on the subject stairway by selecting, approving, and/or accepting materials for the steps, treads, landing, and walking surfaces that did not provide reasonably safe and adequate slip resistance for their intended and foreseeable use by passengers. ROYAL CARIBBEAN further breached its duty by failing to reasonably inspect and test the design, construction, and materials of the subject stairway before approving and accepting the stairway for passenger use, and by failing to reject, replace, modify, or correct the design, construction, and/or materials despite having the ability and authority to do so. ROYAL

CARIBBEAN further breached its duty by designing, constructing, approving, and/or selecting materials for the subject stairway that failed to comply with applicable and recognized maritime and cruise-ship industry safety standards concerning reasonably safe stairways, walking surfaces, stair treads, landings, and slip resistance. The design and/or materials ROYAL CARIBBEAN selected, approved and/or used to construct the stairways of Deck 15 of the *Wonders of the Seas* were unreasonably dangerous, and ROYAL CARIBBEAN breached its duty of care by selecting or approving such an unreasonably dangerous design or materials for the stairways of Deck 15 of the *Wonders of the Seas,* and proximately caused Plaintiff to suffer injuries and damages.

75. **PROXIMATE CAUSE**. As a direct and proximate result of the foregoing breaches of duties and negligence in the design, construction and selections of materials for the stairways on Deck 15 of the *Wonder of the Seas*, Plaintiff slipped and fell on the subject stairways on September 21, 2025, and suffered the injuries and damages as alleged herein. ROYAL CARIBBEAN's negligent design, construction and selection of the stairway and/or walkways on Deck 15 of the *Wonder of the Seas* proximately caused RODRIGUEZ'S injuries and damages. Had ROYAL CARIBBEAN properly designed, constructed, and selected the materials for the stairways and/or walkways on Deck 15 of the *ROYAL CARIBBEAN Wonder of the Seas*, RODRIGUEZ would have never slipped and been injured on September 21, 2025.

76. **DAMAGES**. As a result of ROYAL CARIBBEAN's negligent design, construction and/or selections of materials for the subject stairways as alleged herein, Plaintiff has suffered in the past and will continue to suffer in the future damages as alleged in the damages allegations above and incorporated herein.

WHEREFORE, Plaintiff demands judgment against ROYAL CARIBBEAN in this Count for injuries and damages suffered as a result of the subject incident as permitted by applicable

laws, including, but not limited to, hospitalization, medical and nursing care and treatment experienced in the past and to be experienced in the future; non-economic damages, including, but not limited to, past and future pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation or acceleration of preexisting conditions, and loss of capacity for the enjoyment of life, together with all taxable court costs and prejudgment interest and request a jury trial under Federal Rule of Civil Procedure 38 and any and all other damages which the Court deems just and proper.

**REQUEST FOR JURY TRIAL**

This Court has Diversity jurisdiction under 28. U.S.C § 1332 and Plaintiff demands a jury trial on all issues so triable in this action, notwithstanding the concurrent applicability of principle of admiralty and maritime law.

Dated this 20th day of September 2026.

Respectfully submitted,

REMUDO LAW FIRM
780 NW Le Jeune Road, Suite 619
Miami, Florida 33126
Telephone No.: (305) 423-6203
Facsimile No.: (305) 459-1819
Email: courtdocuments@remudolaw.com

By: /s/ Karel Remudo .
Karel Remudo, Esq.
Florida Bar No. 36391